UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND MORRIS,

    Petitioner,

v.                                                  CASE NO. 6:11-cv-924-Orl-28GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 10) and an amended response (Doc. No. 17) to the petition for writ of habeas corpus. Petitioner filed replies (Doc. Nos. 13 and 21) to the responses.

Petitioner alleges one claim for relief in his habeas petition: trial counsel was ineffective by failing to advise him of the State's notice seeking to have him sentenced as a Prison Releasee Reoffender ("PRR").

I.    *Procedural History*

Petitioner was charged by information with attempted first degree murder (Count

one), aggravated assault with a firearm (Count two), shooting into a building (Count three), and possession of a firearm by a convicted felon (Count four). All charges involved the use of a firearm. The case to proceeded to a jury trial, and the trial court granted Petitioner's motion for a mistrial and his motion to sever Count four. Another jury trial began a few weeks later, and Petitioner was found guilty as to Counts one through three. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to a total imprisonment of natural life in prison without the possibility of release, with a twenty-year minimum mandatory term.[1] Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, alleging five claims. The trial court entered an order denying claims one through three and denying, with leave to amend, claims four and five. Petitioner subsequently moved for the dismissal of claims four and five, which was granted. Petitioner appealed, and the state appellate court affirmed *per curiam*. While his Rule 3.850 proceeding was pending, Petitioner filed a petition for writ of mandamus with the state appellate court, which was dismissed as moot.

II.  **Legal Standards**

A.  *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

---

[1]The State subsequently entered a *nolle prosequi* as to Count four.

claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

---

[2]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the

---

unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) *(per curiam)*; *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. *Analysis of Petitioner's Claim*

Petitioner states that trial counsel was ineffective for failing to advise him of the State's notice seeking to have him sentenced as a PRR. According to Petitioner, this resulted in him rejecting the State's plea offer. This claim was raised in Petitioner's Rule 3.850 motion, and it was denied because Petitioner's counsel conveyed the State's plea offer to him and informed him of the possible sentence he faced if the case proceeded to trial.

An attorney's failure to communicate a plea offer to his client, or to advise his client adequately about the plea offer, may constitute ineffective assistance of counsel. *See Osorio*

*v. Conway*, 496 F. Supp.2d 285, 303 (S.D.N.Y. 2007); *see also Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (defense counsel has the duty to communicate plea offers). In order to prevail on such a claim, the petitioner must demonstrate that (1) the attorney failed to communicate a plea offer or provide adequate advice about the plea and sentencing exposure, and (2) there is a reasonable probability that, but for the attorney's deficient performance, the petitioner would have accepted the plea offer. *Osorio*, 496 F. Supp. 2d at 303.

In the present case, Petitioner acknowledged in his Rule 3.850 motion, *see* Appendix R, and in his amended reply, *see* Doc. No. 21, that counsel conveyed the plea offer to him and that counsel informed him of the possible life sentence if he rejected the plea offer. Further, Petitioner asserted in his Rule 3.850 motion that counsel encouraged him to accept the State's plea offer. *See* Appendix L.[4]

The Court finds that counsel discussed the plea offer with Petitioner and that counsel's conduct fell within the wide range of reasonable professional assistance. Moreover, even if Petitioner were to show that his counsel's performance was deficient, Petitioner cannot show prejudice. Petitioner was aware that he was facing a possible life sentence if he rejected the plea offer, and there is nothing to suggest that Petitioner would have accepted the plea agreement offered by the State. Under the circumstances, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable

---

[4]Petitioner stated that counsel attempted to "frighten and/or bully [Petitioner] into accepting the State's plea offer for counsel's own convenience." *See* Appendix L at 4.

application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Raymond Morris is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 4 day of June, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 6/4
Counsel of Record
Raymond Morris

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.